**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    **v.**                                      **Case No. 12-CR-34**

**ARTHUR JENKINS**
        **Defendant.**

## DECISION AND ORDER

On February 14, 2012, the government filed an indictment charging defendant Arthur Jenkins with fourteen counts of theft of property of the United States, contrary to 18 U.S.C. § 641. Specifically, the indictment alleged that on fourteen separate dates between August 3, 2010, and September 2, 2011, defendant "stole and converted to his own use and the use of another property belonging to the United States, namely Social Security retirement benefits made payable to and intended for the benefit of B.P." (Indictment [R. 1] at 2.) Defendant accomplished this theft, the indictment alleged, by assuming control over the account into which the Social Security Administration ("SSA") direct deposited B.P.'s benefits.

Defendant moved to dismiss the indictment, arguing that it failed to state a federal crime (i.e., that the stolen property belonged to the United States rather than B.P.). On May 3, 2012, I denied the motion, finding the issue one for resolution at trial rather than pre-trial motion.

On May 8, 2012, the government obtained a superseding indictment, adding two additional counts. After re-stating counts one to fourteen, the superseding indictment alleged in count fifteen that defendant unlawfully transmitted or caused to be transmitted in interstate commerce from Missouri to Wisconsin stolen money (i.e., the same fourteen payments

involved in the preceding counts), contrary to 18 U.S.C. § 2314.  Count fifteen specifically incorporated by reference the common factual allegations from counts one to fourteen. (Superseding Indictment [R. 19] at 3.)  In count sixteen, the superseding indictment alleged that:

> On or about July 12, 2011, in the State and Eastern District of Wisconsin,
>
> **ARTHUR JENKINS**
>
> did willfully and knowingly make and cause to be made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the Social Security Administration, an agency of the United States.  The statements and representations were false because as the defendant knew, he had two open accounts at Northshore Bank, and B.P. lived with him at the time he submitted his application for Supplemental Security Income.
>
> All in violation of Title 18 United States Code, Section 1001.

(Id. at 4.)

Defendant concedes that count fifteen is properly joined with counts one to fourteen but moves to sever count sixteen.  See 1A Charles Alan Wright & Andrew D. Leipold, Federal Practice and Procedure § 145, at 104 (4th ed. 2008) (stating that the proper remedy for misjoinder is severance).  The government opposes the motion.  I conclude that count sixteen is not properly joined and therefore grant defendant's motion to sever.

## I.

Under Fed. R. Crim. P. 8(a), "The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."  Courts construe this Rule broadly in order to serve the purposes of increasing judicial efficiency and

2

avoiding costly and duplicative trials. United States v. Freland, 141 F.3d 1223, 1226 (7th Cir. 1998). Nevertheless, at least one of the Rule's three conditions must be satisfied for proper joinder, and "those conditions, although phrased in general terms, are not infinitely elastic." United States v. Randazzo, 80 F.3d 623, 627 (1st Cir. 1996); see also United States v. Jawara, 474 F.3d 565, 573 (9th Cir. 2007); United States v. Cardwell, 433 F.3d 378, 385 (4th Cir. 2005); United States v. Kaquatosh, 227 F. Supp. 2d 1045, 1046 (E.D. Wis. 2002).

In the present case, the parties agree that count sixteen is not based on the same act or transaction, or common scheme or plan, as the other counts. The issue is thus whether it is of "same or similar character" as the other counts. In deciding whether joinder is proper under this clause, the Seventh Circuit looks to the face of the indictment, not the underlying facts. United States v. Alexander, 135 F.3d 470, 475-76 (7th Cir. 1998). The court does so because this:

> language in Rule 8(a) is a rather clear directive to compare the offenses charged for categorical, not evidentiary, similarities. Further, the similarity of character of different offenses does not significantly depend on their separation in time. Two armored car robberies committed months apart are offenses of same or similar character; possessing five kilograms of cocaine and defrauding a bank, even if they occur on the same day, are not. Simply put, if offenses are of like class, although not connected temporally or evidentially, the requisites of proper joinder should be satisfied so far as Rule 8(a) is concerned.

United States v. Coleman, 22 F.3d 126, 133 (7th Cir. 1994) (footnote omitted).

As I discussed in Kaquatosh, while "the same or similar character" prong is the broadest of the three possible bases for joinder in Rule 8(a), it is, contradictorily, the one least likely to serve the purposes of joinder (judicial economy and convenience). 227 F. Supp. 2d at 1047. "Offenses arising out of the same act or a common scheme will involve overlapping evidence and if tried together would eliminate duplicative efforts. However, if offenses similar in type but

3

sharing no common evidence, witnesses or victims are joined little time and effort is saved." Id. Some courts and commentators have accordingly suggested that such offenses should be joined only to the extent that evidence of one would be admissible at a separate trial on the other, under Fed. R. Evid. 404(b), for example. Id. at 1048-49 (collecting sources).

As indicated, the Seventh Circuit favors a categorical approach, see Coleman, 22 F.3d at 133; see also United States v. Jackson, 208 F.3d 633, 638 (7th Cir. 2000); United States v. Turner, 93 F.3d 276, 283 (7th Cir. 1996), although the court has at times considered evidentiary overlap, including the potential applicability of Rule 404(b), see, e.g., United States v. Traeger, 289 F.3d 461, 473 (7th Cir. 2002) ("Additionally, there would have been no point in severing the charges because evidence of the Great Bank attempted robbery would have been admissible in a trial on the LaSalle Bank robbery charge under Federal Rule of Evidence 404(b) to prove identity."); United States v. Quilling, 261 F.3d 707, 714 (7th Cir. 2001) ("Although it is not required that the two counts be related evidentially or temporally, the district court did find these factors to be satisfied in this case."). One district court has noted that the Seventh Circuit:

> has articulated two different standards for determining whether the "same or similar" offenses are properly joined. The first standard is met when the counts refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each count overlaps. This standard has been called the "short-period-of-time/evidence-overlap" formula. Alternatively, if offenses are of like class, although not connected temporally or evidentially, the requisites of proper joinder should be satisfied so far as Rule 8(a) is concerned.

United States v. Williams, 64 F. Supp. 2d 787, 788-89 (C.D. Ill. 1999) (internal citations and quote marks omitted).

4

**II.**

Counts one to fifteen allege that defendant stole social security retirement benefits intended for B.P., while count sixteen alleges that he made false statements on his own application for SSI benefits. These are two distinct classes of offenses, not properly joined under Rule 8(a). Nor is there sufficient evidentiary overlap to support joinder.

The offenses arise under different statutes involving totally different elements. Counts one to fourteen allege a violation of 18 U.S.C. § 641, which will require the government prove that: (1) the money described in the indictment belonged to the United States; (2) defendant stole or converted that money to his own use; and (3) he did so with the intent to deprive the United States of the use or benefit of that money. Federal Criminal Jury Instructions of the Seventh Circuit 205 (1999). Similarly, count fifteen, which charges a violation of 18 U.S.C. § 2314, will require the government prove that: (1) the property identified in the indictment had been stolen; (2) the property had a value of at least $5000; (3) defendant transported or caused to be transported the property in interstate commerce; and (4) at the time he transported or caused to be transported the property he knew it had been stolen. Id. at 362. While §§ 641 and 2314 contain different jurisdictional elements, the gravamen of both offenses is theft. In order to establish a violation of 18 U.S.C. § 1001, as charged in count sixteen, the government must prove that: (1) defendant made a false statement; (2) the statement was material; (3) he made the statement knowingly and willfully; and (4) the statement was made in a matter within the jurisdiction of an agency of the United States. Id. at 240. Unlike counts one to fifteen, count sixteen does not require the government to establish a theft or loss, or even a financial motive. While offenses need not be of identical statutory origin to be categorically similar, they must correspond in type, see Turner, 93 F.3d at 284; the offenses

5

at issue here are "wholly distinct [and] established on proof of elements unique to [each] offense," United States v. Hubbard, 61 F.3d 1261, 1270-71 (7th Cir. 1995).

The government contends that the offenses fall into the same category of defrauding a government agency, and that they involve the similar objective of unlawfully obtaining money from the SSA. While the SSA may be the nominal victim in counts one to fourteen, the indictment indicates that the real victim of defendant's alleged theft is B.P., the person to whom the benefits belonged. Because count fifteen relies on interstate activity as the jurisdictional hook, it does not – and need not – allege that the United States is the victim; B.P. is clearly the alleged victim in that count. In count sixteen, conversely, there can be no doubt that the SSA is the real victim. The offenses therefore target different alleged victims, and they cannot be joined just because they generally involve fraud of some sort or the ultimate motive of obtaining money from another. See United States v. Lowry, 409 F. Supp. 2d 732, 744 (W.D. Va. 2006) (holding that offenses cannot be joined merely because they involve false statements for the purpose of personal enrichment); see also Kaquatosh, 227 F. Supp. 2d at 1050 (holding that not all counts involving violence may be joined).

The government also notes some evidentiary and temporal overlap between the counts. Counts one through fifteen allege that B.P. resided with defendant during the time of the thefts, and defendant's failure to disclose that living arrangement forms part of the basis for count sixteen; count sixteen occurred during the period of time defendant allegedly stole B.P.'s benefits as charged in counts one to fifteen. But counts one to fifteen took place over a continuous thirteen month period from August 2010 to September 2011, while count sixteen describes a discrete and unrelated event taking place in July 2011. This is not a case where the crimes occurred simultaneously, cf. United States v. Blanchard, 542 F.3d 1133, 1142 (7th

6

Cir. 2008) (approving joinder where "the indictment alleged that the methamphetamine manufacturing and firearms offenses occurred at approximately the same time, and evidence of both offenses was recovered from the Roberts residence"), or where a discrete or substantive offense relates to another ongoing crime, cf. Turner, 93 F.3d at 283-84 (approving joinder of conspiracy to possess methamphetamine with a substantive offense of possessing methamphetamine with intent to distribute). The only overlapping evidence relates to B.P.'s living with defendant, so it appears that at most a single witness would have to testify twice if the counts are severed. See Hubbard, 61 F.3d at 1271 ("Given the otherwise disparate nature of the offenses, the rather slight burden imposed by requiring [a single witness testify twice at] two separate trials in this case would not have been onerous."). Further, the government fails to explain how – even if evidence of B.P.'s residence with defendant would be relevant at a trial on count sixteen – evidence of his alleged theft of her benefits also would be. Count sixteen does not allege theft or any similar crime, nor does it relate in any way to B.P.'s social security checks. Finally, it is significant that counts one through fifteen rest on the same common allegations of fact, while count sixteen alleges its own independent set of facts.

The government cites several cases in support of joinder, but all are distinguishable. In Blanchard, 542 F.3d at 1141-42, the court allowed the government to join drug trafficking and firearm charges, but in that case the offenses occurred at approximately the same time and evidence of both was recovered from the same location. The court further noted the "presumption that, because of the close relationship between drug trafficking and firearms offenses, joinder of such offenses is ordinarily proper." Id. at 1141. While the Blanchard court did not specifically identify which of the three conditions of Rule 8(a) it found satisfied, the court's citation to United States v. Windom, 19 F.3d 1190, 1196-97 (7th Cir. 1994) suggests

7

that controlled substance and gun counts are – when the weapons and drugs are found in the same search – properly joined under the "common scheme or plan" prong.[1] As discussed, this case does not involve a common scheme or plan.

The government also relies on Alexander, in which the court allowed joinder of eleven bankruptcy fraud counts and two mail fraud counts (one of which involved a fraudulent insurance claim, the other a fraudulent mortgage loan application). 135 F.3d at 472-74. Reviewing the defendant's misjoinder argument for plain error, the court found that although the thirteen counts in the indictment derived from distinct criminal statutes, the charges were of the "same or similar character" because each of the offenses involved a materially false representation made with the intent to deceive a specified victim, and the defendant committed each of his thirteen offenses in order to enhance the resources of his bankruptcy petition filing business. Id. at 476. In the present case, conversely, the indictment does not allege different variants of fraud arising out of the same overarching scheme. Counts one to fifteen involve the

---

[1] Hubbard makes the same point. In that case, the court found improper the joinder of drug trafficking and gun counts where the firearms were discovered more than seventeen months after the narcotics transaction. 61 F.3d at 1270. The court recognized that guns are tools of the drug trade, but given the significant expanse of time separating the offenses the court found that the defendant's weapon possession said "little about his distribution of narcotics nearly a year and a half earlier, and vice versa." Id. The court concluded that:

> The unlawful possession of a firearm is, of course, an offense wholly distinct from the distribution of narcotics, established on proof of elements unique to that offense. It is not, in other words, a crime "of the same or similar character" to narcotics trafficking for purposes of Rule 8(a). See generally Windom, 19 F.3d at 1196. True, the two do often occur hand in hand, and in that sense they might be deemed "connected together" or "parts of a common scheme or plan" given a temporal nexus between them. But when nearly a year and a half transpires between the distribution of narcotics and the possession of a firearm, something more must tie the two offenses together to permit joinder in a single indictment.

Id. at 1270-71 (citations omitted).

alleged theft of B.P.'s benefits, while count sixteen involves false statements in connection with defendant's own claim for benefits; aside from defendant's alleged motive to collect money to which he is not entitled, the counts have little or nothing in common.

Finally, in United States v. Koen, 982 F.2d 1101, 1105 (7th Cir. 1992), the court allowed the joinder of three groups of counts alleging "program fraud," arson, and mail fraud. Applying the "short-period-of-time/evidence-overlap" formula, the court approved joinder because all of the counts related to the defendant's mishandling of the funds of the organization he directed. Id. at 1111. Given the significant overlap in the evidence, the court alternatively found joinder proper under Rule 8(a)'s "common scheme or plan" prong. Id. at 1112. In this case, the counts are not connected by a common scheme, and the evidentiary and temporal overlap is, as discussed, slight.

Closer to this case is United States v. Lowry, in which the government attempted to join wire fraud counts related to an investment scheme with healthcare program/Medicaid fraud charges. 409 F. Supp. 2d at 735. The government argued that joinder was proper under Rule 8(a)'s "same or similar character" prong because the defendant's conduct in obtaining Medicaid payments was similar in character to his dealing with the victims of the investment fraud, in that he "consistently and continually misrepresented facts and used false statements" in order to obtain money. Id. at 744.[2] The court rejected this argument, finding that any "similarity between [the defendant's] conduct [in] obtaining public assistance benefits fraudulently and defrauding investors exists only at a remote level of abstraction." Id. In the first instance, he

---

[2] Since the indictment failed to allege any specific connection between the fraudulent investment scheme and the alleged bilking of the Medicaid program, neither the "same act or transaction" nor the "common scheme or plan" prongs of Rule 8(a) supported joinder. Id.

9

allegedly defrauded a governmental agency by making false statements in written applications and forms about his own income and assets. By contrast, the alleged fraudulent investment scheme involved false promises to clients about the risk and expected returns of the investment. "The only similarity between these obviously disparate offenses is that [the defendant] made false statements (or omitted material statements) with the goal of personal enrichment, which is not sufficient for joinder under Rule 8(a)." Id. (citing United States v. Halper, 590 F.2d 422, 430 (2d Cir.1978) (finding that a Medicaid fraud charge and a personal income tax evasion charge both involving alleged attempts to manipulate those whom the defendant employed for his personal enrichment were not sufficiently similar in nature to permit joinder, where the charges arose out of different transactions and involved different funds); United States v. Buchanan, 930 F. Supp. 657, 665-667 (D. Mass. 1996) (stressing that "[a] vague thematic connection among offenses may not support joinder," and finding improper under Rule 8(a) the joinder of charges of misapplication of bank funds related to the defendant's status as bank president, and money laundering charges relating to the defendant's status as principal in partnership, even though both offenses had as their goal the defendant's personal enrichment and were accomplished through fraudulent representations and defrauding others of money)).

In this case, as in Lowry, defendant's alleged motive of improperly enriching himself cannot provide the necessary connection. Further, his alleged conduct of providing false information about his own financial and living situation (in count sixteen) bears little or no relationship to his alleged theft of another person's benefits (as charged in counts one to fifteen). Finally, these two groups of counts involve different transactions and, ultimately, an attempt to access different funds.

10

**III.**

**THEREFORE, IT IS ORDERED** that defendant's motion to sever (R. 26) is **GRANTED**. I previously set this case for final pre-trial on October 19, 2012, and trial on October 29, 2012. I assume the parties will want to try counts one through fifteen first; however, I will set the matter for **STATUS** on <u>**Wednesday, August 22, 2012, at 2:00 p.m.**</u> to discuss that issue in advance of the currently scheduled dates.

Dated at Milwaukee, Wisconsin, this 15th day of August, 2012.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge